IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHARLES L. JOHNSON                                                                              PLAINTIFF
ADC #114545

V.                                        NO. 2:05CV00058 JWC

DON YANCEY, et al                                                                              DEFENDANTS

MEMORANDUM OPINION AND ORDER

On April 19, 2005, Defendants filed a motion to dismiss (or, in the alternative, a motion for summary judgment) and brief in support (docket entries #6, #7) seeking to dismiss Plaintiff's complaint on the grounds that he had failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a) as well as the doctrine of sovereign immunity. Defendants alternatively sought dismissal on the grounds that Plaintiff had failed to state a claim upon which relief could be granted.  By order entered April 22, 2005 (docket entry #8), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendants' motion to dismiss.  In addition, Plaintiff was advised that since Defendants had attached evidence to their motion, the Court could construe it as a motion for summary judgment.  Plaintiff was therefore advised that his response to Defendants' motion could include opposing or counteraffidavits, executed by him or other persons, which had either been sworn to under oath, or declared to under penalty of perjury in accordance with 28 U.S.C. § 1746.  Pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas, Plaintiff was also advised to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial. Plaintiff has filed a timely response (docket entry #9).

## I. Background

Plaintiff is a pro se inmate who is currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"). According to his complaint (docket entry #2), his religious rights are violated when Defendants serve him tuna. Plaintiff contends that a religiously-mandated Kosher diet requires him to eat only fish that have scales. Plaintiff does not believe that tuna have scales and alleges that Defendants have failed to provide him with any evidence to the contrary. Plaintiff further contends that since tuna is served every other day, he has not received three meals a day since November 25, 2004 (the Court assumes that Plaintiff does not eat the meals when tuna is served). Plaintiff seeks to abolish tuna from the ADC's Kosher diet and compensation for the meals that he is forced to miss.

## II. Standard

Summary judgment[1] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS

---

[1] The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of the plaintiff's pleadings before the defendant's answer is due. However, if a 12(b)(6) motion is based on evidence outside the pleading, the motion may be converted to a motion for summary judgment. Id. 12(b). Generally, if the court considers the evidence, the motion must be converted to a motion for summary judgment. Id. Because Defendants included attachments to its motion which the Court relies upon, and since Plaintiff has been given the opportunity to respond to Defendants' motion thus negating any potential claim of unfair surprise, Defendants' motion will be construed as one for summary judgment. Id. 56.

Corp., 178 F.3d 988, 990 (8th Cir. 1999).  A moving party is nevertheless entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23.  To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists.  Id. at 324; Fed. R. Civ. P. 56(e).  A nonmovant has an obligation to present affirmative evidence to support his claims.  Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993).  A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment.  Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).  Moreover, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III.  Analysis

#### A.     Administrative Exhaustion

Failure to exhaust is an affirmative defense.  Guerra v. Kempker, 134 Fed. Appx. 112 (8th Cir. 2005) (unpub. per curiam) (citing Nerness v. Johnson, 401 F.3d 874, 876 (8th Cir. 2005) (per curiam)).  An inmate must exhaust all available administrative remedies prior to initiating a § 1983 prison conditions suit.  42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted"); Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of § 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . .  If exhaustion was not completed at the time of filing, dismissal is mandatory"); Graves v. Norris, 218 F.3d 884,

885 (8th Cir. 2000) (holding that "all available prison grievance remedies must be exhausted as to all of the [plaintiff's] claims"); Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), cert. denied, 531 U.S. 1156 (2001) (stating that "if administrative remedies are available, the prisoner must exhaust them," regardless of his subjective beliefs about their availability). At the time the incident in question occurred, exhaustion of remedies required the inmate to first attempt informal resolution and then to timely file and appeal a particular grievance through several administrative levels. Plaintiff was required to appeal his grievance(s) to the highest administrative level, the Deputy/Assistant Director of the ADC. See ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).

Defendants first assert that Plaintiff filed an informal resolution on November 24, 2004 (docket entries #6, Exh. "A" & #7). The following day, he filed a formal grievance regarding the same matter (docket entries #6, Exh. "B" & #7). Plaintiff did not wait for a response to his informal resolution before proceeding to the formal grievance process; therefore, Defendants contend that he has failed to exhaust his administrative remedies. Even if Plaintiff failed to fully comply with informal resolution procedures before filing a formal grievance, the fact remains, ADC officials went ahead and addressed Plaintiff's grievance on the merits and without mention of any procedural defect. Moreover, it was fully exhausted.[2] Defendants next contend that Plaintiff's complaint raises multiple claims that have not each been exhausted. Specifically, Defendants read Plaintiff's complaint as alleging two additional and separate claims: (1) that Defendants lied to him; and (2) that he has not received three full meals a day since November 25, 2004. Such a reading of

---

[2] See evidence supplied by both sides (docket entries #2, #6, Exh. "B")

Plaintiff's complaint defies logic.  Clearly, Plaintiff's contention that Defendants are lying to him about whether tuna does or does not have scales falls squarely within the claim that forms the basis of his lawsuit.  Furthermore, a careful reading of Plaintiff's complaint indicates that he has not received three meals a day since November 25, 2004, <u>because</u> tuna is served every other day.  It can easily be assumed that Plaintiff is claiming that he does not eat the meals when tuna is served.  For these reasons, Defendants' motion is denied on exhaustion grounds.

**B.     Alternate Grounds**

Defendants next assert that alternate grounds mandate the dismissal of Plaintiff's case.  They are correct.  Public officials may be sued under § 1983 in either their official or individual capacity, or both.  <u>Johnson v. Outboard Marine Corp.</u>, 172 F.3d 531, 535 (8th Cir. 1999).  To sue a public official in his individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise it will be assumed that the defendant is being sued only in an official capacity.  <u>Id</u>.  Plaintiff seeks an unspecified amount of compensatory damages from Defendants in an official capacity.[3]  Defendants have raised and placed Plaintiff on notice of this issue in their summary judgment motion.  Despite this notification, Plaintiff has nevertheless failed to change his position (<u>see</u> docket entry #9);[4] thus, his claim for monetary damages against Defendants is barred.

The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages

---

[3] Plaintiff does not state the capacity in which he sues; therefore, it must be assumed that Defendants are being sued only in an official capacity.

[4] Plaintiff is apparently under the mistaken impression that Defendants' motion claims he should have filed his lawsuit against the State of Arkansas rather than employees of a state agency.

which must be paid from public funds in the state treasury. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Barnes v. State of Missouri, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989). However, a state official may nevertheless be sued in an individual capacity for action taken in an official capacity and such a claim is not barred by the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25 (1991). Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language,'" or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Barnes, 960 F.2d at 64-65 (citing Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468, 473-74 (1987)). Neither exception is applicable to Plaintiff's case. See Will, 491 U.S. at 66.

**C.     The Merits**

Even if Plaintiff had sued Defendants in an individual capacity, his claim still fails on the merits. Defendants assert that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff claims that Defendants, both ADC Chaplains, misinformed him as to the outer covering of tuna. Warden Harmon consulted Defendants and the issue as to whether or not tuna have scales was addressed. Defendants contend that tuna do have scales; thus, it is properly included in the Kosher diet (docket entries #6, Exh. "D" & #7). According to Defendants' evidence, the Torah requires that Kosher fish have both scales and fins. The Talmud further teaches that all fish that have scales also have fins. The first step in determining a Kosher fish is verifying that it has a Kosher scale. Although tuna

have very few scales, they are nevertheless considered a Kosher fish (docket entry #6, Exh. "D").[5]  However, Defendants fail to point out in their own evidence that the Kosher status of canned fish, such as tuna, has received much debate especially where the supervision of the cannery is based upon spot checks rather than each fish being checked by a Mashgiach.[6]  Many authorities are reluctant to accept the Kosher status of such fish (docket entry #6, Exh. "D").  Although Defendants overlook this issue, Plaintiff has provided a package wrapper of the tuna fish served at the ADC (see docket entry #9, attachments).  Fresh Catch Chunk Light Tuna is distributed by Keefe Supply Company in St. Louis, Missouri.  Keefe Supply Company is a "Star-K" certified company, meaning, it has received Kosher certification.  Thus, not only is tuna a Kosher fish, but the packaged tuna that Plaintiff is served is, in fact, Kosher certified.  Because Plaintiff has failed to allege the violation of a constitutional right, Defendants' motion must be granted on these grounds too.

### IV.  Conclusion

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1.  Defendants' motion to dismiss (or, in the alternative, motion for summary judgment) (docket entries #6-1 & #6-2) is GRANTED and Plaintiff's complaint is dismissed in its entirety WITH PREJUDICE.

2.  All pending motions are DENIED AS MOOT.

---

[5]  The Fortunes of a Fish, by Rabbi Zushe Blech at Kashrut.com (The Premiere Kosher Information Source on the Internet).

[6]  One who is trained to supervise kosher food production.

3.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this memorandum opinion and order and any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 16th day of September, 2005.

_____
UNITED STATES MAGISTRATE JUDGE